UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Audrey P. Jordan, | ) | Civil Action No.: 4:17-cv-02994-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Integrity First Financial Group, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). *See* ECF No. 13. The Magistrate Judge recommends that the Court grant Defendant's motion to compel arbitration and dismiss this case to pursue arbitration.[1] *Id.* at p. 4.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] The Magistrate Judge recommends dismissing (rather than staying) this action because all of the parties' claims appear to be covered by the arbitration agreement. *See* R & R at p. 3 & n.1. *See generally Weckesser v. Knight Enterprises S.E., LLC*, 228 F. Supp. 3d 561, 564 (D.S.C. 2017) ("At present, in this Circuit a district court *must* stay an action pending arbitration of any arbitrable claims, with the exception that it *may* instead dismiss an action if all claims asserted are arbitrable." (citing *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 376 n.18 (4th Cir. 2012), which discusses the tension between *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707 (4th Cir. 2001), and *Hooters of Am., Inc. v. Phillips*, 173 F.3d 933 (4th Cir. 1999))); *see, e.g.*, *Bennett v. Dillard's, Inc.*, 849 F. Supp. 2d 616, 622 (E.D. Va. 2011) ("Since all the issues in this case are subject to arbitration, the case will be dismissed without prejudice.").

Neither party has filed objections to the R & R, and the time for doing so has expired.[2] In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Having thoroughly reviewed the record, the Court finds no clear error and therefore adopts and incorporates by reference the Magistrate Judge's R & R [ECF No. 13]. Accordingly, the Court **GRANTS** Defendant's motion to compel arbitration [ECF No. 7] and dismisses this case *without prejudice* so that the parties can pursue arbitration. The Court **FINDS AS MOOT** Defendant's motion to dismiss [ECF No. 6] on the merits.

**IT IS SO ORDERED.**

Florence, South Carolina  
April 6, 2018

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[2] Objections were due by March 28, 2018. *See* ECF No. 13.